**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH WALLACE,<br><br>    Plaintiff,<br><br>  v.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendants. | Civil Action No. 24-11539 (KMW) (EAP)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

  This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis* (ECF No. 4). Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and the application is granted. Because Plaintiff shall be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint is dismissed without prejudice for failure to state a claim for which relief may be granted.

### I. BACKGROUND

  Plaintiff is a state prisoner currently confined at East Jersey State Prison. (ECF No. 1 at 3-4.) In November 2024, several officers searched Plaintiff cell and recovered USB drives and other

electronic paraphernalia which Plaintiff admits were contraband and contained pornographic images. (*Id.* at 7-8.) Although Plaintiff contends that the images were of adults, he alleges that in their reports and charging documents for Plaintiff's resulting disciplinary charges, the individual Defendants – all of whom are corrections officers – stated that they believed the images were in fact child pornography. (*Id.* at 4-8.) Plaintiff contends that these allegedly false allegations were defamatory and violated his rights, resulting in the imposition of harsh sanctions including 300 days of solitary confinement and 300 days loss of commutation credits following his disciplinary hearing. (*Id.*) Plaintiff does not appear to allege he was denied Due Process at the resulting hearing as he raises claims only against the officers who prepared and approved the charging reports and the NJ Department of Corrections itself, and does not raise a claim against the hearing officer. (*Id.*)

## II. <u>LEGAL STANDARD</u>

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*,

2

515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.  **DISCUSSION**

In his complaint, Plaintiff contends that his rights were violated when officers filed charging reports indicating that the contraband seized from Plaintiff's cell contained not just pornographic images, which Plaintiff admits, but child pornography. Essentially, Plaintiff believes his rights were violated by the allegedly false assertions in the reports. "[T]he act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights." *Poole v. Mercer*

3

*Cnty. Corr. Ctr.*, No. 11-3730, 2012 WL 694689, at *2 (D.N.J. Feb. 29, 2012); *see also Mimms v. U.N.I.C.O.R.*, 386 F. App'x 32, 36 (3d Cir. 2010) (the "filing of false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges"); *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002). Instead, it is only a denial of Due Process in resulting hearings which could support a constitutional claim. *Mimm*, 386 F. App'x at 36. Here, Plaintiff does not appear to be directly alleging a denial of Due Process and instead raises only the issue of the allegedly false details in the disciplinary reports. As Defendants allegedly only prepared and filed partially false reports, their actions do not amount to a constitutional violation and Plaintiff therefore fails to state a claim for relief.

Even were this Court to construe Plaintiff to be raising a Due Process claim, however, Plaintiff would be barred from raising such a claim at this time as the result of his hearing was a loss of 300 days of commutation credits, a harsh sanction Plaintiff directly connects to the claims that the pornography he possessed included images of children, and success on any Due Process claim related to his hearing would therefore impugn the validity of the current length of Plaintiff's sentence. In *Heck v. Humphries*, 512 U.S. 477 (1994), the Supreme Court held that any civil rights action which would impugn the length or validity of a criminal sentence is barred unless and until the plaintiff has the underlying sentence overturned through state court proceedings or a habeas petition. Thus, a federal civil rights action "will not lie when a state prisoner challenges the fact or duration of his confinement," seeks the shortening of his term of imprisonment, or raises a claim the success of which would undermine the validity of his imprisonment or its length – which includes any challenge to a disciplinary proceeding which resulted in a loss of commutation credits towards a plaintiff's sentence. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005). Thus, absent the prior invalidation of a prison disciplinary proceeding affecting the length of a prisoner's term of imprisonment, a state prisoner's civil rights suit "is barred … no matter the relief sought (damages

4

or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of [his] confinement or its duration." *Id.* at 81-82. Because success on any Due Process challenge as to his prison disciplinary charges or the resulting sanctions would necessarily impugn the validity of the loss of Plaintiff's commutation credits, any Due Process claim related to those charges Plaintiff may now wish to raise is barred by *Heck* and its progeny. Thus, to the extent Plaintiff's claims could be construed to raise a Due Process challenge to the sanctions imposed, that claim must be dismissed without prejudice as *Heck* barred.

Plaintiff also seeks to raise his claims against the N.J. Department of Corrections. A state department of corrections, however, is an arm of the state which both is not a person subject to suit in a federal civil rights matter and is in any event entitled to Eleventh Amendment immunity. *See, e.g., Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs.*, 730 F.3d 291, 318 (3d Cir. 2013); *Walker v. Beard*, 244 F. App'x 439, 440-41 (3d Cir. 2007); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989). Plaintiff's claims against the N.J. Department of Corrections are therefore dismissed with prejudice at this time.

Finally, it appears from his frequent allegation that the statements made by the officers in their reports were defamatory in nature that Plaintiff may also have intended to raise a state law tort claim of defamation against the individual officers. However, because this Court has dismissed all federal claims over which it has original jurisdiction, this Court must decline to exercise supplemental jurisdiction over any state law claim Plaintiff may have intended to raise. *See* 28 U.S.C. § 1367(c)(3); *see also Royal Canin U.S.A., Inc. v. Wullschleger*, --- U.S. ---, slip op. at 7-20 (Jan. 15, 2025) (District Court must decline supplemental jurisdiction over pendent state law claims once all claims over which it has original jurisdiction have been dismissed or

5

withdrawn). Any state law defamation claim Plaintiff may have intended to raise is therefore dismissed without prejudice at this time.

## IV.   CONCLUSION

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 4) is **GRANTED**; and Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge